## William McBride v. Charles H. Steiner.

1. FINDINGS BY THE COURT—*Presumptions in Favor of—Weight Accorded to.*—Where a case was tried by the court without a jury, and no propositions of law were submitted and no objection made to any part of the evidence, a court of appeal will presume that the trial court properly applied the law to the facts, and that its finding was the result of its deliberate judgment upon the facts, and will give such finding the same weight accorded to the verdict of a jury.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Henry County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

GRAVES & BROWN, attorneys for appellant.

DUNHAM & FOSTER, attorneys for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit on a promissory note for $500, executed by appellant to appellee on January 1, 1894, and upon which there had been paid $201.98 on March 19, 1894. By agreement of parties the cause was tried by the court without a jury, all questions of law being reserved. There was a finding and judgment by the court in favor of appellee for $331.43 and costs.

The note was given as part of the purchase price for a farm sold by appellee to appellant, and there is a conflict in the evidence as to whether the whole purchase price was $8,000 or $8,300. If it was $8,300 then the whole of the $500 note must be paid to make up the entire purchase price; but if only $8,000 then the payment of March 19, 1894, of $201.98 would fully pay it. There was a mortgage on the land which, by the terms of appellee's deed to appellant, the latter assumed and was to pay, but he insists that appellee agreed to pay the interest on this mortgage to January 1, 1894, and

that the only amount appellant was to pay on the mortgage was $5,650. The amount due, however, and which was actually paid by appellant was $5,948.02. Appellant therefore insists that the consideration of the $500 note failed, or rather that there was no consideration for the note, to the extent of the difference between $5,650 which he was to pay, and the sum of $5,948.02 which he did pay.

The evidence of appellant's son corroborates him as to the agr ement concerning the amount he was to pay. And yet, in the state of the evidence, we can not say the court came to a wrong conclusion. There may have appeared to the court below reasons why he should take the testimony of appellee as against that of appellant and his son, as to the agreement to pay interest on the mortgage to January 1, 1894, corroborated as appellee is on that point by the provision in the deed whereby appellant assumed payment of the entire mortgage without reservation.

No propositions of law are saved for our consideration. All evidence seems to have been received without objection, and we must presume that the court properly applied the law to the facts, and that its finding was the result of its deliberate judgment upon the facts, which is entitled to the same weight as should be given to the verdict of a jury.

We can not say the judgment is erroneous, as the record stands, and it will be affirmed.